UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

GAL SPIEGLER,                                           :

             Plaintiff,            :

                                          MEMORANDUM ORDER

  -against-                                             :

                                          22 Civ. 8774 (PAE) (GWG)

MISH MISH INC. et al.,                               :

            Defendants.         :
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Before the Court are the parties' letters regarding the location of plaintiff's deposition. See Docket ## 43, 44, 45. Defendants seek to have the deposition take place live in this district. Plaintiff seeks to have the deposition take place by video.

     As defendants note, the "general rule" is that "a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there." Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011) (citing Schindler Elevator Corp. v. Otis Elevator Co., 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007) (collecting cases) and Dubai Islamic Bank v. Citibank, N.A., 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) (collecting cases)). Nonetheless, "there is no absolute rule as to the location of the deposition of a nonresident plaintiff," Normande v. Grippo, 2002 WL 59427, at *1 (S.D.N.Y. Jan. 16, 2002), and thus the "general rule" is "not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending," id. (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2112 (2d ed. 1994)). Thus, a court must "strive to achieve a balance between claims of prejudice and those of hardship." Gerasimenko, 272 F.R.D. at 387 (internal quotation marks and citation omitted).

     Furthermore, "the principle that a deposition of a plaintiff should take place in the district where the case is pending loses some weight where the plaintiff has no choice of forum . . . and must bring his suit in one particular jurisdiction or none at all." Tangtiwatanapaibul v. Tom & Toon Inc., 2017 WL 10456190, at *2 (S.D.N.Y. Nov. 22, 2017). That situation appears to apply here as there is no suggestion by defendants that there is some other judicial district or forum where plaintiff could have filed this lawsuit --- and certainly not one that would have been more convenient to defendants.

     All this being said, the Court finds that the facts provided in the parties' letters are insufficient to allow a ruling because it is not clear to the Court what burden would be borne by plaintiff to travel to New York and what prejudice would be borne by defendants if the deposition proceeded instead by video. For example, plaintiff's claim of hardship appears to be contradicted by defendants' assertion that plaintiff in fact has traveled voluntarily to the United

States several weeks ago.  See Docket # 45.  Similarly, defendants give no explanation of what prejudice would inure to them if the deposition were taken by video.  As a result, we are unable to make the required "careful weighing of the relevant facts" to balance plaintiff's claimed hardship with any prejudice to defendants.  Gerasimenko, 272 F.R.D. at 387 (internal quotation marks and citation omitted).

Accordingly, the parties are directed to confer again to see if agreement can be reached (for example, by agreeing that defendants may take the deposition of plaintiff by video at plaintiff's expense).  If no agreement is reached, plaintiff must file by March 13, 2024, a letter application pursuant to Fed. R. Civ. P. 30(b)(4) seeking an order that would permit the deposition to be conducted by video.  Plaintiff must annex to the letter a sworn statement from plaintiff explaining the hardship to appearing in person and responding to the contentions raised in defendants' recent letters.  See Docket ## 43, 45.  Defendants may respond within 3 business days of the filing of plaintiff's letter, which shall include a clear explanation of any claim of prejudice.  Plaintiff may file any reply within one business day after defendants' letter is filed.

Dated: March 6, 2024
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge