UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GAL SPIEGLER,                                  :

        Plaintiff,                      :
                                          MEMORANDUM ORDER

  -against-                                       :
                                          22 Civ. 8774 (PAE) (GWG)

MISH MISH INC. et al.,                         :

        Defendants.                   :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      With regard to the taking of plaintiff's deposition (Docket ## 47-49), the threshold issue before the Court is not the location of the deposition but whether it should be conducted by video pursuant to Fed. R. Civ. P. 30(b)(4). In the Court's view, where a witness or party resides many thousands of miles from this District, there is great efficiency in proceeding by video. The plaintiff has also pointed to understandable reasons that he wishes to be close to his family and to not leave his country.

      The defendant has pointed to no real prejudice from this arrangement. Defendant asserts that there are technical issues that "can" occur, but in the Court's experience, depositions by video have routinely proceeded without serious technical problems. The difference in observing demeanor by video as opposed to in person is not significant. As to issues stemming from a "sneak peek" at exhibits, video platforms allow for a party to show exhibits to a witness without providing the document in advance. See H & T Fair Hills, Ltd. v. All. Pipeline L.P., 2020 WL 5512517, at *3 (D. Minn. Sept. 14, 2020) ("current technology . . . can be adapted to allow for documents to be displayed along with a view of the witness"). If preferred, counsel could always email the exhibit at issue during the deposition and require the plaintiff to call it up on his own screen at that time. If this route is chosen, the plaintiff should have two screens (or two computers) available for the deposition to allow for examination of exhibits at the time of questioning.

      The Court might feel differently if plaintiff had deliberately chosen this forum over a forum in his own country. In fact, as far as the Court can tell, plaintiff had no choice but to choose a forum many thousands of miles from his home.

      Accordingly, the deposition of plaintiff shall take place by video. Any additional incremental cost from such an arrangement shall be borne by plaintiff.

Dated: March 19, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge